**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amicia Lovelace,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC, et al.,<br><br>Defendants. | No. CV-18-04080-PHX-DWL<br><br>**ORDER** |

**INTRODUCTION**

This lawsuit concerns alleged violations of the Fair Credit Reporting Act ("FCRA"). Pending before the Court is Defendant TransUnion LLC's ("TransUnion") motion to dismiss Plaintiff Amicia Lovelace's ("Lovelace") first amended complaint ("FAC"). (Doc. 26.) For the following reasons, the Court denies the motion.

**BACKGROUND**

The relevant facts alleged in the FAC (Doc. 19), which the Court assumes to be true for purposes of the pending motion, are as follows:

On or about June 22, 2018, Lovelace obtained her TransUnion credit disclosure. (*Id.* ¶ 15.) At that time, she noticed an "erroneously scheduled monthly payment" on the Byrider Finance, LLC, d/b/a CNAC Merrillville ("CNAC"), trade line. (*Id.*)

The account reflected by the CNAC trade line is charged off and closed. (*Id.* ¶ 9.) CNAC had accelerated the payment schedule and closed the account. (*Id.*)

On or about August 13, 2018, Lovelace submitted a letter to TransUnion disputing

the CNAC trade line. (*Id.* ¶ 17.) In that letter, Lovelace explained that the account reflected by the CNAC trade line was charged off and she no longer had an obligation to make monthly payments. (*Id.* ¶ 18.) She also asked TransUnion to report the monthly payment as $0. (*Id.*)

TransUnion forwarded Lovelace's dispute to CNAC. (*Id.* ¶ 20.)

Lovelace has not received TransUnion's investigation results. (*Id.* ¶ 21.)

On October 5, 2018, Lovelace obtained her TransUnion credit disclosure, which still did not show a "scheduled monthly payment of $0." (*Id.*)

Lovelace "has suffered credit and emotional damages" and "has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms." (*Id.* ¶ 23.)

**LEGAL STANDARDS**

I. <u>Rule 12(b)(6)</u>

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

II. Evidence Outside The Pleadings

Ordinarily, if a district court considers evidence outside the pleadings when ruling on a motion to dismiss, it must convert the motion into a motion for summary judgment and give the nonmovant an opportunity to respond. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). A district court may, however, consider "[c]ertain written instruments attached to pleadings" in ruling on a motion to dismiss. *Id.* at 908. Additionally, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* The plaintiff need "not explicitly allege the contents of that document in the complaint" for the court to consider it, as long as the "plaintiff's claim depends on the contents of [the] document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

A. **TransUnion's Exhibits**

TransUnion argues the Court should consider two exhibits not attached to the FAC when ruling on its motion to dismiss: (1) Lovelace's "dispute correspondence" and (2) Lovelace's "Trans Union credit file." (Doc. 26 at 3.) However, TransUnion never attached these documents to its motion to dismiss and never otherwise filed them on the docket. The Court, thus, cannot consider them.

On page six of its motion, TransUnion also purports to provide a screenshot of Lovelace's actual credit report. On the one hand, this screenshot tends to undermine the key factual allegation in the FAC—the allegation that Lovelace's credit report "inaccurately" stated she was required to make a "scheduled monthly payment" to CNAC. (Doc. 19 ¶ 15.) Specifically, the screenshot states that Lovelace's account with CNAC had been "Charged Off" and was "PAID IN FULL" and simply identifies her old monthly payment ("$420 per month for 50 months") in the portion of the report identifying the

historical loan terms. (Doc. 26 at 6.) It is difficult to understand how this information could be interpreted as denoting an ongoing obligation to make future payments.

If this screenshot were properly before the Court, TransUnion's dismissal arguments would have some force. However, the screenshot must be disregarded. First, although TransUnion asserts the screenshot has been authenticated by a declaration from a witness (*see* Doc. 26 at 6 [stating the screenshot was "Exhibit A" to the "Donald Wagner Dec[laration"]), no such declaration was ever filed on the docket or provided to the Court. Second, Lovelace disputes the accuracy of the screenshot and notes that it is "undated." (Doc. 33 at 5.) Because TransUnion failed to submit a supporting declaration, and because Lovelace has raised a non-frivolous authenticity objection, the Court is precluded from considering the contents of the undated image that TransUnion copied and pasted into its motion. *Cf. Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 415-16 (S.D.N.Y. 2010) ("[E]ven documents 'integral' to a complaint cannot be considered if the record shows a dispute regarding authenticity.").

B. **Lovelace's Exhibit**

Lovelace also attempts to cite evidence outside the pleadings in her response to the motion to dismiss. She cites a document she refers to as the "Credit Reporting Resource Guide," which she claims "required the CNAC trade line to be reported with a scheduled monthly payment amount[] of $0 because the account was charged off." (Doc. 33 at 6; Doc. 33-1.)

TransUnion argues the Court cannot consider this evidence because "[n]owhere in her Complaint does [Lovelace] reference the [Credit Reporting Resource Guide] or rely on its contents." (Doc. 34 at 4.)

The Court agrees with TransUnion. Lovelace provides no argument as to why the Court can consider this document at this stage of the case. And the Court cannot incorporate this document by reference into the FAC because Lovelace never referenced this document or relied on its contents in her FAC. *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) ("Courts regularly decline to consider

declarations and exhibits submitted in . . . opposition to a motion to dismiss . . . if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice.").

**DISCUSSION**

I. FCRA Background

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "To achieve this end, FCRA imposes on consumer-reporting agencies a host of [procedural] requirements concerning the creation and use of consumer reports and . . . allows individuals to sue those which are non-compliant." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113-14 (9th Cir. 2017) (citation and internal quotation marks omitted).

Lovelace has brought her FCRA claims under 15 U.S.C. §§ 1681e(b) and 1681i. Section 1681e(b) requires a "consumer reporting agency prepar[ing] a consumer report" to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Under § 1681i, a credit reporting agency "must conduct a free and reasonable reinvestigation within thirty days of a consumer informing the [credit reporting agency] of disputed information." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). Lovelace alleges that TransUnion negligently and willfully violated these statutes.

II. Analysis

TransUnion makes five arguments in its motion to dismiss: (1) Lovelace failed to plead an inaccuracy in her credit report, with is an element of both of her claims; (2) Lovelace's § 1681e(b) claim fails because she did not sufficiently plead that TransUnion published a credit report to a third party; (3) Lovelace's claimed damages are either not recoverable or inadequately pleaded; (4) Lovelace's 1681i claim contains only conclusory allegations and no supporting facts regarding the reasonableness of TransUnion's investigation; and (5) Lovelace has not sufficiently pleaded willfulness. (Doc. 26.)

- 5 -

A.  **Inaccuracy**

TransUnion argues that both of Lovelace's claims should be dismissed because she fails to plead an inaccuracy. To bring claims under both § 1681e(b) and § 1681i, a plaintiff must plead inaccuracy. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008) (finding that district court erred in holding that the plaintiff "couldn't make the prima facie showing of inaccurate reporting required by sections 1681e and 1681i"). Information is "'incomplete or inaccurate' within the meaning of the FCRA" where it is either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (citations omitted).

Lovelace alleges that TransUnion "inaccurately" reported a CNAC trade line with an "erroneous scheduled monthly payment" even though the "CNAC [t]rade [l]ine is charged off and closed." (Doc. 19 ¶¶ 8-9, 15.) She further alleges that she submitted a dispute letter to TransUnion explaining that the trade line has been charged off and she no longer had an obligation to make monthly payments. (*Id.* ¶ 17-18.) She never received TransUnion's investigation results, but her subsequently obtained credit disclosure still did not show a "scheduled monthly payment of $0." (*Id.* ¶ 21.)

i.  Historical Information

TransUnion relies on the image copied and pasted into its motion to argue "[i]t is unequivocally clear, and not misleading, from the face of TransUnion's reporting that no current monthly obligation exists." (Doc. 26 at 6.)

As discussed above, although the image may indeed be helpful to TransUnion's case

in the long run, the Court cannot consider this image in ruling on the motion to dismiss. The only fact properly before the Court is the FAC's allegation that the trade line included an "erroneous scheduled monthly payment." This is sufficient to plead an inaccuracy.

TransUnion also relies on the image for its argument that the report was accurate because it was simply reporting "historical monthly payment terms." (*Id.* at 6-9.) But again, the facts before the Court are that the report contained an "erroneous scheduled monthly payment," not a "historical monthly payment term," of more than $0. As such, the cases TransUnion cites that deal with "historical payment terms" are inapposite. For example, the court in *Harris v. Nissan-Infiniti LT*, 2018 WL 2741040 (D. Nev. 2018), held that "[i]t was not 'inaccurate' to list the balloon payment obligation as a historical term in the status section of the credit report." *Id.* at 4. Here, it is not clear from the FAC that the "scheduled monthly payment" from the complaint is "a historical term" located in the "status section" of Lovelace's credit report.

TransUnion similarly argues that "in determining the accuracy of consumer credit reports, courts have viewed accounts in their entirety, rather than focusing on a single field complained of by a plaintiff." (Doc. 26 at 8.) Here, the Court does not have before it Lovelace's "account in [its] entirety." At the summary judgment stage, TransUnion may cite the relevant credit report (and properly attach it) and remake this argument. But given the limited facts alleged in the FAC, and the Court's inability to consider TransUnion's extrinsic evidence for the reasons mentioned above, the Court cannot view the entirety of Lovelace's account to determine that the single field at issue is accurate.

        ii.        <u>Subjective Belief</u>

TransUnion argues that Lovelace "failed to plead the details and basis for her contention that her CNAC account was inaccurate or misleading" and her "subjective belief is not sufficient to support a claim of inaccuracy." (*Id.* at 9-10.)

This argument is unavailing. It is only where the information at issue is technically accurate on its face that courts have required plaintiffs to plead more than their personal opinion that the information is misleading. *See, e.g.*, *Shaw v. Equifax Info. Sols., Inc.*, 204

F. Supp. 3d 956, 961 (E.D. Mich. 2016) (finding that account history section of credit report was "indisputably accurate," and "there [was] nothing to indicate, as Plaintiff intimate[d], that anyone would believe" what plaintiff was alleging); *Barakat v. Equifax Info. Servs., LLC*, 2017 WL 3720439, *3 (E.D. Mich. 2017) ("Courts have repeatedly held that a personal opinion is mere speculation that the notation was *misleading* and is therefore insufficient to support a claim of inaccuracy under the FCRA.") (citation and internal quotation marks omitted) (emphasis added); *Bailey v. Equifax Info. Servs., LLC*, 2013 WL 3305710, *6 (E.D. Mich. 2013) (dismissing case where "the information provided was accurate" so plaintiff "argue[d] that the information [was] misleading[,] [b]ut Plaintiff d[id] not support that argument with any factual allegations that anyone was misled"). Here, a credit report showing a "scheduled monthly payment" of more than $0 for an account that is closed is inaccurate on its face.

### B. Provided To Third Parties

TransUnion argues that, to state a claim under § 1681e(b), Lovelace "must plead that Trans Union published a credit report to a third party containing an inaccuracy." (Doc. 26 at 10-11.) The Ninth Circuit does not, however, read this requirement into § 1681e(b). *Guimond*, 45 F.3d at 1333 ("[T]he district court erred in finding that any liability under § 1681e(b) was predicated, as a matter of law, on the occurrence of some event—denial of credit or transmission of the report to third parties—resulting from the compilation and retention of erroneous information."); *see also Wilson v. Experian Info. Sols., Inc.*, 2019 WL 1429590, *2 (S.D. Cal. 2019) ("[T]he controlling case law is that a court may not as a matter of law dismiss an allegation under § 1681e(b) for lack of transmission of the report to a third party."); *Sanchez v. Dep't Stores Nat'l Bank*, 2017 WL 5138294, at *2 (S.D. Cal. 2017) ("[U]nder Ninth Circuit case law, transmission of a consumer report to a third party is not a prerequisite to establishing liability under § 1681e(b)."). Accordingly, the Court will not dismiss Lovelace's claim under § 1681e(b) for failure to plead facts related to her allegation that TransUnion published a credit report to a third party.

C. **Damages**

TransUnion argues that Lovelace's claims should be dismissed because she "has not alleged any facts that would support the contention that she suffered any actual injury or how it was allegedly caused by TransUnion, which is a prerequisite to damages for mental or emotional distress." (Doc. 26 at 11-12.)

In her FAC, Lovelace alleges that she "has suffered credit and emotional damages" and "has experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA." (Doc. 19 ¶ 23.) In her response, Lovelace contends "Trans Union's argument that Plaintiff must allege when or how her condition occurred is without merit" and "Plaintiff does not need to plead the level of specificity that Trans Union proposes to support her claims." (Doc. 33 at 11.)

Although Lovelace's damages-related allegations are not a model of clarity, she has sufficiently alleged damages at this stage of the case. The Ninth Circuit has held that "[t]he FCRA permits recovery for emotional distress and humiliation." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012) (citation and internal quotation marks omitted). Here, Lovelace appears to have alleged that she suffered undue stress and anxiety resulting from the inaccurate reporting, which has prevented her from obtaining more favorable credit terms. Other courts have upheld the sufficiency of similar damages-related allegations. *Hamm v. Equifax Info. Servs. LLC*, 2018 WL 3548759, *4 (D. Ariz. 2018) (finding that plaintiff sufficiently pleaded damages where she pleaded that "'she ha[d] refrain[ed] from applying for new credit' and ha[d] 'experienced undue stress and anxiety' as a result of Defendants violations"); *Wheeler v. Trans Union LLC*, 2018 WL 2431876, *4 (D. Ariz. 2018) (finding that plaintiff's "claim for damages [was] sufficiently alleged to survive a motion to dismiss" where plaintiff alleged "he 'ha[d] been forced to refrain from applying for new credit or more favorable terms on existing lines' and ha[d] 'experienced undue stress and anxiety due to Defendants' failure to correct errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms'").

At later stages of this case, Lovelace will need to prove she has been damaged and connect those damages to TransUnion's actions. Lovelace will also need to identify exactly what other "credit terms" she applied for but was denied due to TransUnion's conduct. Contrary to TransUnion's argument, however, Lovelace need not do so with a high degree of specificity at the motion to dismiss stage.

### D. Allegations Of Unreasonable Investigation Under § 1681i

TransUnion next argues that Lovelace's § 1681i claim should be dismissed because she failed to plead sufficient facts supporting her allegation that TransUnion's investigation was unreasonable. (Doc. 26 at 12-13.) Lovelace responds that she can't know "the communications between Trans Union and CNAC" or "Trans Union's investigative procedures" until she engages in discovery. (Doc. 33 at 10.) She further contends that "[r]equiring a consumer to know and plead specific facts regarding the communications between a consumer reporting agency and a furnisher or the details of a consumer reporting agency's investigative practices would prevent any consumer from filing any lawsuit under the FCRA, as virtually no consumer would or could know such facts before engaging in discovery." (*Id.*)

The Court acknowledges there is a line of district court cases supporting TransUnion's argument. *See, e.g., O'Connor v. Capital One*, 2014 WL 2215965, *7 (N.D. Cal. 2014) (dismissing claim because plaintiff alleged only "a mere label, conclusion, and a formulaic recitation of the elements of this cause of action" and "fail[ed] to offer any factual allegations supporting his contention that Defendant's investigation of his disputed account was unreasonable"); *Berberyan v. Asset Acceptance, LLC*, 2013 WL 1136525, *5 (C.D. Cal. 2013) (dismissing claim because plaintiff "fail[ed] to offer any factual allegations supporting her contention that defendant's investigation of her disputed account was unreasonable" and "offer[ed] no facts in support of her conclusory allegation that defendant failed to conduct a proper investigation into the validity of the debt it had reported"); *Iyigun v. Cavalry Portfolio Servs., LLC*, 2013 WL 950947, *2 (C.D. Cal. 2013) (dismissing claim because "[t]he factual allegations with respect to Iyigun's purported

dispute [were] merely conclusory recitations of the legal elements of an FCRA claim" and complaint did "not include any allegations as to the impropriety of Cavalry's investigation or any factual basis for a contention that the investigation was defective").

However, the Court is more persuaded by a different line of cases for some of the reasons Lovelace has argued. In *Hamm*, the court noted that "[f]or the purpose of a motion to dismiss, courts have held that a plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy." 2018 WL 3548759 at *4; *see also Neill v. Experian Info. Sols., Inc.*, 2017 WL 3838671, *3 (D. Ariz. 2017) (finding that plaintiff pleaded sufficient facts to state claim, even though her "allegations [were] not extensively detailed," because "from the allegation that Plaintiff contacted Defendants but their reinvestigation results continued to state that Plaintiff owed the Park Kiely debt, the Court can infer Defendants may not have reasonably conducted the reinvestigations"). At the motion to dismiss stage, the plaintiff is required only to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Fitness*, 714 F.3d at 1144 (quoting *Iqbal*, 556 U.S. at 678). If a plaintiff adequately alleges (1) an inaccuracy, (2) that she notified the credit reporting agency of her dispute and requested an investigation, and (3) that the credit reporting agency didn't subsequently remove the inaccuracy, the court may draw the reasonable inference that the credit reporting agency's investigation was unreasonable. Lovelace did so here. (Doc. 19 ¶¶ 15, 17-18, 21.) Courts can't expect any more specificity regarding the unreasonableness of the investigation at the motion to dismiss stage. *Neill*, 2017 WL 3838671 at *3 ("Plaintiff is not required to prove his case in the Complaint. While Plaintiff may not have all the evidence necessary at this point to prove his case—and indeed Plaintiff is faced with the problem of alleging what did not happen—Plaintiff has alleged sufficient facts to support an inference that Defendants did not conduct reasonable reinvestigations under § 1681i.") (citation omitted).

### E. **Willfulness**

Finally, TransUnion argues that Lovelace's willfulness claims should be dismissed because (1) "no inaccuracy exists," (2) Lovelace failed to allege "Trans Union had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language," and (3) Lovelace also failed to allege "how Trans Union ran a risk of violating the FCRA was substantially greater than the risk associated with a reading that was merely careless." (Doc. 26 at 13-14.)

In response, Lovelace argues she "does not need to plead specific facts about TransUnion's willfulness in violating the FCRA and cannot do so without engaging in discovery." (Doc. 33 at 11.)

As an initial matter, the Court has already found that Lovelace sufficiently pleaded an inaccuracy. On the merits, as TransUnion correctly notes, "willful" under the FCRA encompasses both knowing and reckless violations. *Safeco*, 551 U.S. at 57-60. And with respect to reckless violations, the Supreme Court has held that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

Although it may be appropriate in some FCRA cases to address the issue of willfulness at the motion to dismiss stage, *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282 (11th Cir. 2017), this is not one of those cases. The FAC alleges that Lovelace informed TransUnion her credit report contained an inaccurate statement yet TransUnion simply failed to fix the error afterward without providing any explanation for its inaction. These facts could suggest a willful violation of the two provisions, and TransUnion has not even attempted to articulate why its actions fell within "a reasonable reading of the statute's terms." *Safeco*, 551 U.S. at 69.

…

Accordingly, **IT IS ORDERED** that TransUnion's motion to dismiss (Doc. 26) is **denied**.

Dated this 6th day of June, 2019.

Dominic W. Lanza
United States District Judge